523 A.2d 433

Frank Kaiser, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*John Stember,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 2, 1987:

Frank Kaiser (Claimant) petitions for our review of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision to deny Claimant's application for Federal Supplemental Compensation (FSC). For the reasons which follow, we vacate and remand.

It is undisputed that Claimant was eligible for and began receiving unemployment compensation benefits on September 23, 1984, following his lay-off from United States Steel Corporation (Employer). Claimant exhausted his state unemployment benefits after twenty-seven weeks with the week ending April 6, 1985. His application for FSC, filed immediately thereafter, was rejected as being one week beyond the statutory deadline for such benefits.[1]

Claimant's challenge in the matter *sub judice* is premised on his contention that his state unemployment benefits *should* have been exhausted during his twenty-sixth week of benefits and that had his benefits been so exhausted, he would have met the filing deadline for FSC benefits. Thus, it is the state benefits received during Claimant's twenty-seventh claim week which lie at the heart of this case. Those benefits, which amounted to approximately $105.00, remained available for payment to Claimant due to an earlier deduction by the

---

[1] Section 602(f)(2)(A) of the Federal Supplemental Compensation Act of 1982, Pub. L. 97-248, Title VI, Subtitle A, 96 Stat. 702, *as amended,* (reprinted in note to 26 U.S.C.A. §3304 (Supp. 1986)), provides as follows:

[N]o Federal supplemental compensation shall be payable to any individual under an agreement entered into under this subtitle for any week beginning after March 31, 1985.

unemployment compensation authorities from Claimant's benefits for the claim week ending January 5, 1985, of holiday pay which Claimant received from Employer for New Year's Day, 1985. Absent this deduction of holiday pay, Claimant's state benefits would have been exhausted with the week ending March 30, 1985, thus enabling him to meet the application deadline for FSC benefits. In the instant appeal, Claimant argues that the holiday pay was improperly deducted from his January benefits.

The Board has declined to provide any argument regarding the propriety of the holiday pay deduction. Instead, the Board contends that Claimant is attempting to collaterally attack a separate determination by the Office of Employment Security (OES) regarding the deductibility of Claimant's holiday pay. The Board contends that the holiday pay was determined to be deductible by OES in a decision mailed on April 8, 1985, from which Claimant filed no appeal. That decision is not a part of the certified record in this case.[2] Claimant contends that the issue of collateral estoppel may not be addressed by this Court since it has been raised for the first time on appeal.

We observe that the issue of holiday pay was clearly raised by Claimant's counsel in his brief filed with the Board. The Board, however, did not address the issue of holiday pay in its ruling, and also made no mention of any prior OES determination which would have barred its consideration of that issue. In fact, the matter of collateral estoppel was not raised until the Board filed its brief with this Court. Since the Board failed to support

---

[2] The Board filed a motion to enlarge the record on appeal to include two OES determinations which allegedly relate to the holiday pay deductions. The Board's motion was denied by order dated July 10, 1986, per Senior Judge BUCHER. *See* Pa. R.A.P. 1951(a).

its decision in this case by any reference to collateral estoppel, we think it would be patently unfair to allow the Board now to defend its decision solely on that basis. We observe that Board regulations require Board decisions to set forth the reasons and legal conclusions in support thereof. 34 Pa. Code §§101.88, 101.109; *see also* Pa. R.A.P. 1951(c). If the Board intended to support its decision by reason of collateral estoppel or *res judicata,* it should have so specified.

Even if we were to address the issue of estoppel, we observe that on the basis of the record certified to this Court on appeal, we would be unable to determine whether collateral estoppel applies. The only evidence before us of an OES determination rendered on April 8, 1985, appears on Claimant's UC-100 card. The notations contained thereon, however, are so cryptic that they would defy any accurate interpretation of their meaning by this Court.

While we conclude that collateral estoppel cannot be applied to bar consideration of the holiday pay issue raised by Claimant, we must also conclude that the record before us is inadequate to permit our resolution of the pay deduction issue at this time. As noted previously, the Board rendered no decision regarding the issue of holiday pay and the record is devoid of relevant evidence establishing the factual circumstances under which Claimant received that pay. Claimant was unrepresented before the referee and failed at that stage to present evidence adequate to develop the holiday pay issue. Before the Board, counsel who had at that point been retained by Claimant presented a brief to which relevant factual evidence had been appended. These materials, of course, which appear only as an appendix to a brief, do not themselves constitute record evidence. We are, thus, constrained to vacate the Board's order and remand this matter for further proceedings

regarding the issue of whether Claimant's holiday pay was properly deducted from his benefits for the week ending January 5, 1985 and, if not, whether Claimant is entitled to FSC benefits.

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.